UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------
ANTHONY MUIA, individually and on behalf of all others similarly situated,

                        Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

                        Defendant.
--------------------------------------

Case No.: 24-cv-5912

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Anthony Muia ("Muia"), on behalf of himself and all others similarly situated, through his undersigned attorneys, brings this action for damages and other legal and equitable relief against Defendant Home Depot U.S.A., Inc. ("Home Depot") and alleges as follows:

## INTRODUCTION

1. This is a putative collective and class action brought by Muia, on behalf of himself and other employees similarly situated, against Home Dept for violations of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.; New York Labor Law ("NYLL"); the New York Wage Theft Prevention Act ("WTPA"); and any other cognizable cause of action established upon the facts alleged herein, arising from Home Depot's various willful and unlawful employment policies, patterns and practices.

2. Home Depot has willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay its employees, including Muia, both regular and overtime wages for each hour worked as prescribed by the FLSA and NYLL.

3. Plaintiff alleges pursuant to the FLSA that he is entitled to recover from the Home Depot: (a) unpaid wages and overtime wages; (b) liquidated damages; (c) prejudgment and post-judgment interest; and (d) attorneys' fees and costs.

4. Plaintiff also raises individual claims for whistleblower retaliation under NYLL § 740, as Home Depot terminated his employment in response to his reports about safety issues and improper storage of equipment at his store.

5. Plaintiff further alleges that pursuant to NYLL § 650 *et seq.* that he and similarly situated employees are entitled to recover from the Home Depot:

   a. unpaid wage and overtime wage compensation

   b. liquidated damages equal to the sum of unpaid overtime wages in the amount of twenty five percent (25%) under NYLL 190 *et seq.* and NYLL 650 *et seq.*, and one hundred percent (100%) under the New York Wage Theft Prevention Act;

   c. nine percent (9%) simple prejudgment interest pursuant to the NYLL;

   d. post-judgment interest;

   e. attorneys' fees and costs; and

   f. such other and further relief as the Court finds necessary and proper.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL, WTPA and NYCRR claims pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the Eastern District of New York pursuant to 29 U.S.C. §§ 201 *et seq*., because this judicial district lies within the State in which the unlawful employment practices complained of herein occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c), in that Defendant maintains facilities, conducts business, and resides in this District.

## THE PARTIES

8. At all relevant times, Plaintiff Anthony Muia was an "employee" of Home Depot within the meaning of the FLSA, the NYLL, and the WTPA. Muia resides in Staten Island, New York.

9. Defendant Home Depot is a corporation organized under the laws of the State of Delaware with headquarters at 2455 Paces Ferry Road, Atlanta, GA 30339.

10. Home Depot employed Muia in its Staten Island location at 2750 Veterans Road West, Staten Island, NY 10309.

## STATEMENT OF FACTS

11. Home Depot has, at all relevant times, met the definition of an "employer" covered by the FLSA, the NYLL, the WTPA and the NYCRR, respectively.

12. Upon information and belief, the amount of qualifying annual volume of business for Home Depot exceeds $500,000.00 and thus subjects Home Depot to the FLSA.

13. Upon information and belief, throughout the relevant time period, Home Depot employed over 450,000 employees, approximately 100 of which were employed at Muia's Staten Island store.

14. Home Depot transacted and continues to transact business in New York and within Richmond County by employing Plaintiff Muia and all those similarly situated.

15. Home Depot set the rate of pay and basis of pay for Muia and those similarly situated.

16. Home Depot maintained the employment records for Muia and those similarly situated.

17. Home Depot calculated and paid the wages for Muia and those similarly situated.

18. At all relevant times, Muia and those similarly situated were designated as non-exempt from the statutory provisions of the FLSA and the NYLL.

19. Muia was employed by Home Depot as a sales specialist.

20. Muia and others similarly situated each were routinely scheduled to work more than forty hours per workweek.

21. While employed by Home Depot, Muia and those similarly situated were not exempt under federal and state laws requiring payment of minimum and overtime wages.

22. Home Depot had the ordinary, routine pattern and practice of withholding pay for regular and overtime hours Muia and others similarly situated worked in violation of the FLSA, NYLL, WTPA and NYCRR.

23. During the pay period of February 6, 2023, through February 12, 2023, for example, Home Depot compensated Muia for 32.25 hours, compared to the 41 hours he worked during that pay period.

24. During the pay period of February 5, 2024, through February 11, 2024, Home Depot compensated Muia for 33.07 hours, compared to the 42 hours he worked during that pay period.

25. When Muia reported having to work overtime hours, his supervisor told him that he would have to "cut" those hours, which he would not be compensated for.

26. At all relevant times, Home Depot knew that failing to pay their employees the full amount of their earned regular and overtime wages violates the FLSA, the NYLL, and the WTPA.

27. Home Depot's failure to do so was thus willful pursuant to the FLSA, NYLL, and the regulations thereunder, and it is thus liable to Muia and those similarly situated.

28. Home Depot routinely issued Muia and those similarly situated wage statements that listed fewer regular overtime hours than those that were actually worked.

29. Home Depot's issuance of inaccurate wage statements disguised the number of hours worked by Muia and similarly situated employees, facilitating its non-payment of overtime wages due and preventing those employees from knowing whether and how much they had been underpaid.

30. Home Depot thereby interfered Muia's and similarly situated employees' ability to discover and address their underpayment.

31. Muia and similarly situated employees did not receive paystubs that accurately provided the number of overtime hours worked or the corresponding earned wages they were entitled to for each pay period.

32. In April and May 2024, Muia reported safety issues and improper storage of equipment at his Home Depot store.

33. In May 2024, Muia informed his supervisor, Richard Galante, about an unsafe pallet stored in the overhead of the store.

34. Home Depot had improperly stored the pallet using Saran wrap.

35. Muia showed Galante that product was falling out of the Saran wrap surrounding the pallet, which had been compromised due to its improper storage.

36. Muia told Galante that this was a common occurrence as Home Depot's overnight crew frequently compromised palletized merchandise and stored the pallets in the overheads without securing the product first.

37. Galante told Muia not to discuss it further because management did not want to hear any more about the overnight's improper usage of equipment and damage to products.

38. On or about Galante, Home Depot terminated Muia's employment.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff seek to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on their own behalf as well as on behalf of those in the following "**Collective**" defined as:

> All hourly workers employed by Home Depot from August 7, 2021, through the final date of disposition of this action, who did not receive payment for all hours worked or payment at the time-and-a-half rate for hours worked in excess of 40 hours in any workweek.

40. At all relevant times, Muia was similarly situated to all such individuals in the Collective because, while employed by Home Depot, he performed similar tasks, was subject to the same laws and regulations, was paid in the same or substantially similar manner, was paid the same or similar rate, and was subject to Home Depot's policies and practices of willfully failing to pay wages at the time-and-a-half rate for all hours worked in excess of 40 hours per week.

41. Home Depot is and has been aware of the requirement to pay Muia and the members of the proposed Collective their wages for all regular and overtime hours worked.

42. The Collective members are readily discernable and ascertainable. All Collective members' contact information is readily available in Home Depot's records. Notice of this collective action can be made as soon as the Court determines it is appropriate to do so.

43. The members of the proposed Collective are too numerous to join in a single action, necessitating collective recognition.

44. All questions relating to Home Depot's violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Home Depot's failure to pay overtime wages or timely pay statutorily required wages are specific to Muia and the claims asserted by Plaintiff are typical of those of members of the proposed Collective.

45. Muia will fairly and adequately represent the interests of the Collective and has no interests conflicting with members of the Collective.

46. A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

47. Muia's attorneys are familiar with and have experience with collective and class action litigation, as well as employment and labor law litigation.

48. The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by Collective members creates the risk of varying and inconsistent results based on identical fact patterns, as well as disposition of the Collective's interests without their knowledge or contribution.

49. The questions of law and fact are nearly identical for all Collective members and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Home Depot's continued violations of the FLSA will undoubtedly continue.

### FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

50. Plaintiff seek to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who, during the previous six (6) years, were subjected to Home Depot's violations of the NYLL, the WTPA and the NYCRR.

51. The "**Class**" which Plaintiff seek to define includes:

> All hourly workers employed by Home Depot from August 7, 2018 through the final date of disposition of this action, who did not receive payment for all hours worked or payment at the time-and-a-half rate for hours worked in excess of 40 hours in any workweek and were, as a result of such failure to pay overtime wages and such untimely payments, not provided with true and accurate Wage Statements and/or Wage Notices.

52. The number of class members protected by the NYLL, the WTPA and the NYCRR who have suffered under Defendant's violations of such statutes are believed to be in excess of forty (40) and thus are too numerous to join in a single action, necessitating class recognition.

53. All questions relating to Class's allegations under the NYLL, WTPA and NYCRR share a common factual basis with those raised by the claims of Plaintiff. No claims asserted herein under the NYLL and the WTPA are specific to Plaintiff or any Class member and the claims of Plaintiff are typical of those asserted by the proposed Class.

54. Plaintiff will fairly and adequately represent the interests of all members of the proposed Class.

55. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Home Depot violated the NYLL and the WTPA.

56. The class members of the proposed Class are readily discernable and ascertainable. Contact information for all members of the proposed Class is readily available from Home Depot since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the Fed. R. Civ. P. 23 requirements.

57. Plaintiff asserts these claims on his own behalf as well as on behalf of the Class.

58. Plaintiff's attorneys are experienced in class action litigation as well as employment litigation.

59. Plaintiff are able to fairly represent and properly protect the interests of the absent members of the proposed Class and have no interests conflicting with those of the Class.

60. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Class members creates a risk of varying results based on identical fact patterns as well as disposition of the Classes' interests without their knowledge or contribution.

61. Due to the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiff's willingness to proceed against Home Depot. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear for the Class members' jobs and continued employment.

62. The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Class, continued violations of the NYLL and the WTPA will undoubtedly continue.

63. Whether Plaintiff and the Class members were: (i) paid all of their earned and due wages and overtime wages; and (ii) provided with true and accurate Wage Notices pursuant to the NYLL, are common questions which can readily be resolved through the class action process.

**CAUSES OF ACTION**

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**The Fair Labor Standards Act, 29 U.S.C. § 206, Made by Plaintiff on Behalf of All Collective Members**
**(Failure to Pay Wages and Overtime Wages)**

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Home Depot employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

66. Home Depot are an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67. Home Depot were required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

68. At all relevant times, Home Depot had a policy and practice of paying employees fewer overtime hours than those hours worked in excess of 40 hours per workweek.

69. Home Depot were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

70. Home Depot have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**New York Labor Law § 650 (Failure to Pay Wages and Overtime Wages)**
**Brought on Behalf of Plaintiff and the Rule 23 Class**

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Home Depot were required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

73. Home Depot failed to pay the Class Members overtime wages at the time-and-a-half rate to which they were entitled, violating N.Y. LAB LAW § 650 *et seq.* and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

74. Home Depot were aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

75. Due to Home Depot's Labor Law violations, Plaintiff and the Class Members are entitled to recover from Home Depot their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**New York Labor Law § 195-1(d) (Failure to Provide Accurate Wage Statements)**
**Brought on Behalf of Plaintiff and the Rule 23 Class**

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

78. Home Depot have failed to make a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and members of the proposed Class, and did not provide the true and accurate paystub information on or after each payday to Plaintiff and members of the Proposed Class.

79. Due to Home Depot's violations of the NYLL, Plaintiff are entitled to recover from Home Depot, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff or Class member, together with costs and attorneys' fees pursuant to NYLL § 198 (1-d).

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### New York Labor Law § 740 (Whistleblower Retaliation)
### Brought on Behalf of Plaintiff

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. NYLL § 740(2)(a) prohibits an employer from taking retaliatory action against an employee who discloses an activity, policy or practice of the employer that the employee reasonably believes is in violation of law, rule or regulation.

82. Plaintiff's disclosures regarding safety issues and improper storage of equipment at his store were protected activity under NYLL § 740.

83. The termination of Plaintiff's employment in response to his disclosures constituted "retaliatory action" under NYLL § 740(1)(e).

84. As a direct and proximate result of Defendant's termination of Plaintiff's employment, he has suffered and continue to suffer damages, including lost earnings.

85. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Plaintiff, entitling them to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and all Collective and Class Plaintiff demand judgment against Home Depot as follows:

A. At the earliest possible time, Plaintiff should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported

Collective defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

  B. Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective Counsel;

  C. Designation of Plaintiff as representatives of the Fed. R. Civ. P. 23 Class defined herein, and Plaintiff's counsel as Class Counsel;

  D. Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

  E. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the NYLL and the WTPA;

  F. Preliminary and permanent injunctions against Home Depot and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  G. A judgment declaring that the practices complained of herein are unlawful and in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and the WTPA;

  H. All damages which Plaintiff and all Collective and Class members have sustained as a result of Home Depot's conduct, including: (i) liquidated damages, penalties, and punitive damages subject to proof, (ii) attorneys' fees, and (iii) interest;

I. An award to Plaintiff and all Collective and Class members of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

J. An award to Plaintiff and all Collective and Class Plaintiff representing Home Depot's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K. Awarding Plaintiff and all Collective and Class members their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

L. Pre-judgment and post-judgment interest, as provided by law; and

M. Granting Plaintiff and all Collective and Class members such other and further relief as this Court finds necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this complaint.

Dated: August 23, 2024
New York, New York

Respectfully submitted,

*/s/ Alex Rissmiller*
Alex Rissmiller
**Rissmiller PLLC**
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com

/s/ *Matthew L. Berman*
Matthew L. Berman, Esq.
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180
F: (516) 706-0248
mberman@vkvlawyers.com

*Attorneys for Plaintiff Anthony Muia*