# Valli Kane & Vagnini
### Employee Rights Attorneys

600 Old Country Road
Suite 519
Garden City, NY 11530

Tel: (516) 203-7180
Fax: (516) 706-0248
www.vkvlawyers.com

May 27, 2025

**VIA ECF**
The Honorable James R. Cho
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

   **Re:** *Muia v. Home Depot U.S.A.*
      **Case No.: 1:24-JRC-05912 (JRC)**

Dear Magistrate Judge Cho:

  As Your Honor is aware, the undersigned is one of the attorneys for plaintiff Anthony Muia ("Plaintiff") in this case. We write on behalf of Plaintiff to request that the Court approve the parties' settlement agreement (the "FLSA Settlement Agreement") resolving Plaintiff's wage and hour claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). The Parties' FLSA Settlement Agreement is attached hereto as Exhibit 1 ("Ex. 1"). Separately, in the interest of full candor to the tribunal, the parties have reached agreement in principle to confidentially resolve Plaintiff's corresponding wage and hour claims under the New York Labor Law ("NYLL") and Wage Theft Prevention Act ("Act"),[1] as well as his individual claim alleging whistleblower retaliation under NYLL §740 (discussed more, below), which has been substantially completed but that the parties do not anticipate submitting to the Court for review unless they are directed otherwise.

## Plaintiff's Allegations

  Plaintiff was employed by Defendant Home Depot U.S.A. ("Defendant") as an hourly, non-exempt Sales Specialist at Defendant's store located in Staten Island (*see* Complaint, ECF Dkt 1, at ¶¶ 11-22). Plaintiff alleged that he, and other similarly situated employees, were routinely scheduled to work more than 40 hours per workweek and that Defendant had a routine pattern and practice of withholding pay for regular and overtime hours Muia and others similarly situated worked in violation of the FLSA, the New York Labor Law ("NYLL"), and the New York Wage Theft Protection Act ("WTPA"), and asserted causes of action under 29 U.S.C. § 206 (Complaint at ¶¶ 64-70, NYLL § 650 (Complaint at ¶¶71-75), NYLL § 195-1(d) (Complaint at ¶¶ 76-79) on behalf of himself, a putative FLSA collective of similarly situated employees (Complaint at ¶39), and a putative class under Fed. R. Civ. P. 23 (Complaint ¶50).

---

[1] While the analysis set forth herein applies equally to Plaintiff's FLSA and NYLL wage and hour claims, Second Circuit precedent only requires judicial approval of FLSA settlements. Accordingly, only Plaintiff's FLSA claims are included in the attached FLSA Settlement Agreement.

Related to his wage and hour claims, Plaintiff makes the following material allegations in the Complaint:

1. Plaintiff and others were designated as non-exempt from the statutory provisions of the FLSA and the NYLL (¶18);
2. Plaintiff and others similarly situated were each routinely scheduled to work more than forty hours per workweek (¶20);
3. While employed by Defendant, Plaintiff and those similarly situated were not exempt under federal and state laws requiring payment of minimum and overtime wages (¶21);
4. Defendant had the ordinary, routine pattern and practice of withholding pay for regular and overtime hours Plaintiff and others similarly situated worked in violation of the FLSA, NYLL, WTPA and NYCRR. (¶22);
5. During the pay period of February 6, 2023 through February 12, 2023, for example, Defendant compensated Plaintiff for 32.25 hours, compared to the 41 hours he worked during that pay period. (¶23);
6. During the pay period of February 5, 2024, through February 11, 2024, Defendant compensated Plaintiff for 33.07 hours, compared to the 42 hours he worked during that pay period. (¶24);
7. When Plaintiff reported having to work overtime hours, his supervisor told him that he would have to "cut" those hours, which he would not be compensated for. (¶25);
8. Defendant routinely issued Plaintiff and those similarly situated wage statements that listed fewer regular overtime hours than those that were actually worked. (¶28); and
9. Plaintiff and similarly situated employees did not receive paystubs that accurately provided the number of overtime hours worked or the corresponding earned wages they were entitled to for each pay period. (¶29).

Plaintiff's Complaint also asserted an individual cause of action asserting whistleblower retaliation in violation of NYLL § 740 (Complaint ¶¶ 80-85), related to plaintiff's allegations that he was terminated in retaliation for reporting safety issues concerning improper storage of equipment and an unsafe pallet that was improperly secured. Complaint ¶¶32-35.

### Defendant's Defenses to Wage and Hour Claims

Defendant's Answer denied Plaintiff's allegations and asserted forty-two affirmative defenses. *See* Answer, ECF Dkt. 9, at 12-19. Most significantly here, Defendant asserted as its Third Affirmative Defense that Plaintiff and/or some or all of the members of the proposed collective or class action(s) have been paid all monies owed to them. *Id*. at 13. Defendant also asserted Affirmative Defenses related to the supposed impropriety of certifying the case as a collective or class action. *Id*. at 13-16.

### ARGUMENT

I. **Legal Standard.**

This Circuit mandates that the settlement of FLSA claims must be "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068 (WHP), 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7,

2015); *see Cheeks v. Freeport Pancake House Inc*., 796 F.3d 199 (2d Cir. 2015). Courts consider the following factors when determining whether a settlement is "fair and reasonable":

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Lopez v. Nights of Cabiria, LLC.*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

## II.    The Proposed Settlement Agreement Is Fair and Reasonable.

During settlement negotiations, Defendant made a voluntary production of Plaintiff's payroll records so that Plaintiff could calculate his alleged damages. Using these documents, Plaintiff's counsel were unable to substantiate Plaintiff's allegations that he had not been paid for all of the hours that he worked. Nevertheless, after extensive negotiations, the parties agreed to resolve Plaintiff's individual FLSA claim, for the total sum of $3,000.00, related to the two specific pay-periods (Feb. 6 – 12, 2023 and Feb 5-11, 2024) for which Plaintiff's Complaint alleged he has not been properly compensated. A copy of the parties' proposed FLSA Settlement Agreement is attached as Exhibit 1. The FLSA Settlement Agreement is fair and reasonable for at least three reasons.

First, the proposed settlement agreement is both fair and reasonable under the FLSA in that Defendant has agreed to compensate Plaintiff a total sum of $3,000.00, allocated as $1,000.00 for lost wages, $1,000.00 for liquidated damages, and $1,000.00 for attorneys' fees. *See* Ex. 1 at ¶3. This equates to over 100% of what Plaintiff believes he could have recovered under the FLSA at trial even after attorneys' fees and costs. *See Del Rio v. 257 SG Pizza Corp.*, No. 19-CV-3426, 2023 WL 4583652, at *1 (S.D.N.Y. July 18, 2023) ("Of the total settlement amount, Plaintiff would receive . . . approximately 16% of his owed back wages, not including any liquidated damages or penalties. Courts in this district have approved settlement amounts within this range.") (collecting cases). The total settlement also equates to over 100% of what Plaintiff could have recovered under the FLSA, even before attorneys' fees and costs. After attorneys' fees and costs, the settlement sum Plaintiff is to receive still equates to more than 100% of his total damages under the FLSA. *See Anderson v. Apria Healthcare Corp.*, 1:23-CV-00383 (KAM)(PK) (E.D.N.Y. 2023) (approving settlement where plaintiff received 55% of her estimated FLSA and NYLL damages after attorneys' fees); *Del Rio*, 2023 WL 4583652 at *1.

Second, Defendant denies Plaintiff's allegations that it failed to properly pay him overtime pay for all overtime hours worked, and the documents voluntarily produced by Defendant during settlement negotiations tend to substantiate Defendant's position. Obviously, if Defendant's

FIRM:67769247v1

defense on this point is found to be credible, Plaintiff would not be entitled to any damages under the FLSA, the NYLL, or the WTPA. Thus, the settlement alleviates Plaintiff's risk of a lower recovery or no recovery at all. It also alleviates the need for the Parties to continue with costly discovery, motion practice, and trial.

Third, the FLSA Settlement Agreement does not release any claims belonging to absent putative members of the proposed class or collective. *See* Ex 1. at ¶¶ 6-10. Nor does the FLSA Agreement contain any confidentiality provisions or other terms that Courts tend to find onerous. *See generally*, Ex 1.

Finally, the Parties' counsel are experienced litigators who primarily practice employment law and have litigated hundreds of FLSA actions. *See, e.g.*, Valli Kane & Vagnini LLP's Firm Resume, attached as Exhibit 2; *see also* Rissmiller PLLC Firm Resume, attached as Exhibit 3. The parties were able to reach a settlement of Plaintiff's claims after a review of Plaintiff's payroll records and after a lengthy mediation and additional private negotiations. Therefore, the settlement agreement is the result of arm's length negotiation without the possibility of fraud or collusion. Accordingly, the proposed FLSA Settlement Agreement is both fair and reasonable.

### III.    The Attorneys' Fees Pursuant to the Settlement Are Reasonable.

Under the terms of the proposed settlement agreement and the retainer agreement between Plaintiff and his two co-counsel firms, Valli Kane & Vagnini LLP ("VKV") and Rissmiller PLLC, Plaintiff's counsel will receive $1,000.00 from the settlement as attorneys' fees or 33 and 1/3%, without any separate deduction for expenses incurred in litigating this matter (e.g. filing fees and process server fees). This settlement is also on an individual basis and is not a collective/class settlement, which results in the fee being significantly lower in monetary value than in a collective/class FLSA recovery. The fees agreed upon here are also lower than the 40% fee that VKV typically charges clients for FLSA cases, which numerous federal courts have previously approved. *See Apria*, *supra*, 1:23-CV-00383 (approving attorneys' fees representing 40% of the settlement fund for Valli Kane & Vagnini LLP); *Martinez v. Hana Albany, Inc.*, 1:22-CV-01066 (N.D.N.Y 2023) (same); *Katz v. Equinox Holdings, Inc.*, 1:20-CV-09856 (S.D.N.Y. 2023) (same); *LaBranche v. K-Tech Management Corp.*, 1:21-cv-02315 (E.D.N.Y. 2021) (same); *Sanchez v. Some Things Fishy LTD*, 3:20-CV-01127 (D. Conn. 2020) (same); *Fenton v. Criterion Worldwide*, No. 1:18-CV-10224 (S.D.N.Y. 2020) (same); *Marcusse v. Citizens Arts Club, Inc.*, No. 1:19-CV-08379 (S.D.N.Y. 2020) (same); *Richardson v. Vontronix, Inc.*, No. 3:19-CV-19339 (D.N.J. 2020) (same). While normally a Court might also conduct a lodestar "cross-check," the attorney's fee sought here is so minimal that this seems obviously unnecessary, particularly where neither Plaintiff nor any of the parties object to the agreed-upon fee. Thus, the 33 1/3% fee is fair and reasonable.

### CONCLUSION

Wherefore, Plaintiff's counsel respectfully request that the Court approve the settlement agreement, attorneys' fees, and expenses as fair and reasonable. We thank the Court for its time and consideration.

Respectfully Submitted,

*/s/ Matthew L. Berman*
Matthew L. Berman, Esq.

*/s/ Alex Rissmiller*
Alex Rissmiller

cc:    counsel of record (*via* ECF)

5

FIRM:67769247v1